McDermott & Radzik, LLP
Daniel G. McDermott (DM3449)
Matthew T. Loesberg (ML3708)
Wall Street Plaza
88 Pine Street - 21st Floor
New York, NY 0005-1801
(212) 376-6400
Attorneys for Defendant
Northwest Airlines, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| THE CONTINENTAL INSURANCE COMPANY,<br>                                    Plaintiff,<br>        - against -<br><br>NORTHWEST AIRLINES, INC. and AMERICAN AIRLINES, INC.,<br><br>                                    Defendants. | **ECF CASE**<br><br>08 CV 4197 (CM)(KNF)<br><br>**ANSWER** |

-----------------------------------------------------------------x

Defendant Northwest Airlines, Inc. (hereinafter referred to as "NWA"), by and through its attorneys McDermott & Radzik, LLP. hereby answers the complaint of plaintiff Continental Insurance Company (hereinafter referred to as "Plaintiff") upon information and belief as follows:

**FIRST**: NWA admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C.A. § 1331 and that the shipments alleged by plaintiff arise out of, and are governed by, a treaty of the United States, to wit, the Convention for the Unification of Certain Rules for International Carriage by Air Signed at Montreal on May 28, 1999 (hereinafter "Montreal Convention"). NWA admits that the shipments alleged in the complaint had an airport of departure of Monterrey, Mexico and an airport of departure of Kansai airport in Osaka,

Japan.  Except as expressly admitted herein, NWA denies the remaining allegations contained in paragraph FIRST of plaintiff's complaint.

**SECOND**: NWA denies plaintiff paid claims to Takata Inflation Systems, Inc. NWA denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph SECOND of plaintiff's complaint.

**THIRD**: NWA admits that it is a corporation incorporated in one of the states of the United States and that it has a place of business in New York City and that it is a common carrier of merchandise by air; except as expressly admitted herein, NWA denies the remaining allegations contained in paragraph THIRD of plaintiff's complaint.

**FOURTH**: NWA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph FOURTH of plaintiff's complaint.

**AS AND FOR AN ANSWER
TO THE FIRST CAUSE OF ACTION AGAINST NWA**

**FIFTH**: NWA admits that 8 pieces of cargo were said to contain "airbag inflators."  Except as expressly admitted herein, NWA denies the remaining allegations contained in paragraph FIFTH of plaintiff's complaint.

**SIXTH**: NWA denies the allegations contained in paragraph SIXTH of plaintiff's complaint.

**SEVENTH**: NWA denies that plaintiff is entitled to maintain this action.  NWA denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff plaintiff's subrogor was the shipper, consignee or owner of the alleged shipment or that plaintiff is the subrogated underwriter who insured the alleged cargo.

Except as expressly admitted herein, NWA denies the remaining allegations contained in paragraph SEVENTH of plaintiff's complaint.

**EIGHTH**:     NWA denies the allegations contained in paragraph EIGHTH of plaintiff's complaint.

**NINTH**:     NWA denies the allegations contained in paragraph NINTH of plaintiff's complaint.

**TENTH**:     NWA admits that a demand has been made; however, except as expressly admitted herein NWA denies the remaining allegations contained in paragraph TENTH of plaintiff's complaint.

## AS AND FOR AN ANSWER
## TO THE SECOND CAUSE OF ACTION AGAINST NWA

**ELEVENTH**: NWA repeats, restates and incorporates by reference each previous statement as though fully set forth at length herein.

**TWELFTH**: NWA admits that the 4 pieces of cargo were said to contain "airbag inflators." Except as expressly admitted herein, NWA denies the remaining allegations contained in paragraph TWELFTH of plaintiff's complaint.

**THIRTEENTH**:     NWA denies the allegations contained in paragraph THIRTEENTH of plaintiff's complaint.

**FOURTEENTH**:     NWA denies that plaintiff is entitled to maintain this action. NWA denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff plaintiff's subrogor was the shipper, consignee or owner of the alleged shipment or that plaintiff is the subrogated underwriter who insured the alleged

cargo.  Except as expressly admitted herein, NWA denies the remaining allegations contained in paragraph FOURTEENTH of plaintiff's complaint.

**FIFTEENTH**: NWA denies the allegations contained in paragraph FIFTEENTH of plaintiff's complaint.

**SIXTEENTH**: NWA denies the allegations contained in paragraph SIXTEENTH of plaintiff's complaint.

**SEVENTEENTH**: NWA admits that a demand has been made; however, except as expressly admitted herein, NWA denies the remaining allegations contained in paragraph SEVENTEENTH of plaintiff's complaint.

## AS AND FOR AN ANSWER TO THE
## THIRD CAUSE OF ACTION AGAINST AMERICAN AIRLINES, INC.

**EIGHTEENTH**: NWA repeats, restates and incorporates by reference each previous statement as though fully set forth at length herein.  In addition, NWA denies any involvement in the shipment alleged in the THIRD CAUSE OF ACTION.

**NINETEENTH**: NWA denies any involvement in the shipment alleged in the THIRD CAUSE OF ACTION.  Since NWA is not alleged to have been involved with the shipment alleged in the THIRD CAUSE OF ACTION, NWA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph NINETEENTH of plaintiff's complaint.

**TWENTIETH**: NWA denies any involvement in the shipment alleged in the THIRD CAUSE OF ACTION.  Since NWA is not alleged to have been involved with the shipment alleged in the THIRD CAUSE OF ACTION, NWA denies knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph TWENTIETH of plaintiff's complaint.

**TWENTY-FIRST**: NWA denies any involvement in the shipment alleged in the THIRD CAUSE OF ACTION. Since NWA is not alleged to have been involved with the shipment alleged in the THIRD CAUSE OF ACTION, NWA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph TWENTY-FIRST of plaintiff's complaint.

**TWENTY-SECOND**: NWA denies any involvement in the shipment alleged in the THIRD CAUSE OF ACTION. Since NWA is not alleged to have been involved with the shipment alleged in the THIRD CAUSE OF ACTION, NWA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph TWENTY-SECOND of plaintiff's complaint.

**TWENTY-THIRD**: NWA denies any involvement in the shipment alleged in the THIRD CAUSE OF ACTION. Since NWA is not alleged to have been involved with the shipment alleged in the THIRD CAUSE OF ACTION, NWA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph TWENTY-THIRD of plaintiff's complaint.

**TWENTY-FOURTH**: NWA denies any involvement in the shipment alleged in the THIRD CAUSE OF ACTION. Since NWA is not alleged to have been involved with the shipment alleged in the THIRD CAUSE OF ACTION, NWA denies knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph TWENTY-FOURTH of plaintiff's complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

**TWENTY-FIFTH**: Plaintiff fails to state a claim against NWA upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

**TWENTY-SIXTH**: NWA claims all defenses contained in the applicable air waybills, the contract of carriage and its tariff.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

**TWENTY-SEVENTH**: NWA claims all defenses contained in the Montreal Convention.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

**TWENTY-EIGHTTH**: NWA's liability is limited by virtue of the Montreal Convention, the applicable air waybills, the contract of carriage and its tariff.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

**TWENTY-NINTH**: Plaintiff has failed to reasonably mitigate any damages which it may have sustained.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

**THIRTIETH**: Plaintiff lacks standing against NWA.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

**THIRTY-FIRST**: Plaintiff is not the real party in interest.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

**THIRTY-SECOND**: Any injuries or damages which the plaintiff may have sustained were due the acts, omissions, wilful misconduct or contractual breaches of another entity over whom NWA has no responsibility or control; thus, NWA either has no liability to the plaintiff or any liability which NWA may have to the plaintiff is comparatively reduced.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

**THIRTY-THIRD**: Any injuries or damages which the plaintiff may have sustained were due the acts, omissions, negligence, wilful misconduct or contractual breaches of plaintiff and/or those it represents, thus, NWA either has no liability to the plaintiff or any liability which Polar may have to the plaintiff is comparatively reduced.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

**THIRTY-FOURTH:** NWA is not liable to the plaintiff because plaintiff's alleged damages were caused by an act of the shipper and/or insufficiency of the packing.

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE**

**THIRTY-FITH**: Plaintiff's complaint should be dismissed based on the doctrine of forum non conveniens.

In the alternative Plaintiff's claim should be transferred to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

**THIRTY-SIXTH**: Plaintiff's complaint should be dismissed because NWA was not given a timely complaint or notice in writing of damage.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

**THIRTY-SEVENTH**:	NWA is not liable to the plaintiff because NWA and its agents took all necessary and possible measures to avoid the alleged damage.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

**THIRTY-EIGHTH**: Plaintiff's claim should be dismissed because plaintiff and/or its agents have spoliated evidence by destroying the cargo alleged to have been damaged without giving NWA notice or an opportunity to inspect it.

WHEREFORE, NWA demands that the plaintiff's complaint and each and every cause of action contained therein, be dismissed together with attorneys' fees and expenses and for such other and further relief as this Court deems just and proper.

Dated:  New York, New York	McDERMOTT & RADZIK, LLP
       July 15, 2008	   Attorneys for Defendant Norwest
   Airlines, Inc.

   By:__s/ Matthew T. Loesberg_____
     Matthew T. Loesberg  (ML 3708)
     Wall Street Plaza
     88 Pine Street - 21st Floor
     New York, NY 0005-1801
     MLoesberg@McDermottRadzik.com
     (212) 376-6400
     File: 7-08-7071 (DGM/MTL)

To:	John E. Olson
     Hill Rivkins & Hayden, LLP
     Attorneys for Plaintiff
     45 Broadway, 15th Floor
     New York, NY 10006
     Tel.: (212) 669-0600